IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY T. JONES,
   *Plaintiff,*

v.

ABERDEEN PROVING GROUND
FEDERAL CREDIT UNION, *et al.*
   *Defendants.*

Civil Action No.: ELH-21-1915

**MEMORANDUM**

In this debt dispute, plaintiff Rodney T. Jones filed suit against defendants Aberdeen Proving Ground Federal Credit Union ("APG"); Equifax Information Services, LLC ("Equifax"); and Experian Information Solutions, Inc. ("Experian"). ECF 1 (the "Complaint"). By Memorandum Opinion (ECF 28) and Order (ECF 29) of April 5, 2022, the Court denied APG's motion to dismiss. Equifax has since been dismissed from the case. *See* ECF 33; ECF 40. And, the parties are now engaged in discovery. *See* ECF 36.

In its Answer (ECF 30), APG asserted five "defenses." *See id*. at 10. Plaintiff has moved to strike APG's second through fifth defenses, contending that they are inadequately pled affirmative defenses. ECF 34. The motion is supported by a memorandum. ECF 34-1 (collectively, the "Motion"). APG opposes the Motion. ECF 38 (the "Opposition"). And, plaintiff has replied. ECF 44 (the "Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons set forth below, I shall grant the Motion, without prejudice, and grant APG leave to amend its Answer.

### I. Background[1]

Plaintiff filed suit in this case on July 30, 2021. ECF 1. In brief, Jones alleges that APG continues to demand payment on a loan that he has paid in full, as reflected in a judgment. And, he asserts that APG has falsely reported his purported debt to Equifax and Experian, which have failed to follow reasonable procedures to assure the maximum possible accuracy of their credit reports regarding plaintiff.

The Complaint contains seven counts, of which six pertain only to APG.[2] In Count I, plaintiff alleges violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code (2013 Repl. Vol., 2021 Supp.), § 14-201 *et seq*. of the Commercial Law Article ("C.L."). In particular, in Count I plaintiff claims that APG violated C.L. § 14-202(e) by knowingly disclosing or threatening to disclose information that affected plaintiff's reputation for credit worthiness; violated C.L. § 14-202(8) by attempting to maintain a lien on property when the lien did not exist; and violated C.L. § 14-202(11) by engaging in prohibited debt collection conduct. In Count II, plaintiff asserts violations of the Maryland Consumer Protection Act ("MCPA"), C.L. § 13-101 *et seq*. Count III alleges violations of the Fair Credit Reporting Act ("FCFA"), 15 U.S.C. § 1681 *et seq*. Count IV alleges defamation. In Count V, plaintiff asserts "Invasion of Privacy – Intrusion Upon Seclusion". Count VI seeks specific performance as to property. And, Count VII asserts violations of the FCRA by Equifax and Experian.

---

[1] I summarized plaintiff's factual allegations in my Memorandum Opinion of April 5, 2022. ECF 28. To the extent relevant, I incorporate here the factual summary set forth in ECF 28. *See id*. at 3-11.

[2] Both the fifth and sixth counts of the Complaint are captioned "Count V." *See* ECF 1 at 16-17. The first Count V is titled "Invasion Of Privacy—Intrusion Upon Seclusion" and the Second Count V is titled "Action For Specific Performance." The seventh count is mistakenly captioned "Count VI." *See id*. at 19. To avoid confusion, I refer to the Count titled "Action For Specific Performance" as "Count VI," and I refer to the Count labeled Count VI as "Count VII."

In 2006, plaintiff took out a second mortgage (the "Loan") with APG. *See* ECF 20-3 (the "Note" for the Loan). In 2017, APG initiated a debt collection action against plaintiff in the Circuit Court for Harford County regarding the Loan. ECF 1 at 3, ¶ 1; *see also* ECF 20-4 (circuit court docket). In March 2018, plaintiff and APG stipulated to the settlement of the case, by which Jones agreed to pay APG approximately $35,557. ECF 20-5 (the "Stipulation"). The Stipulation provided that failure to make payment in accordance with the Stipulation would constitute a default and, in that event, Jones consented to judgment for the full amount set forth in the Stipulation. *Id*. at 2. The Complaint implies, and APG's motion to dismiss asserted explicitly, that APG had maintained that plaintiff owed more than the $35,557 amount to which it agreed in the Stipulation. *See* ECF 20-1 at 2.

In June 2018, APG filed a "Motion to Reopen Case and for Consent Judgment," asserting that plaintiff had failed to pay as agreed, and seeking a consent judgment. ECF 22-2 (the "State Case Motion"). The circuit court granted the State Case Motion. ECF 20-6 at 2 (the "2018 Order"). On March 2, 2021, APG filed a "Line of Satisfaction of Judgment" in the circuit court case. ECF 22-3.

Plaintiff alleges that the total amount due on the Loan was the amount provided for in the 2018 Order, and that in the ensuing three years, he paid off the Loan in its entirety. ECF 1 at 4, ¶¶ 4-5, 8. However, plaintiff alleges that APG has continued to demand that he pay additional sums, and that APG has "falsely reported" to credit reporting agencies such as Experian and Equifax that plaintiff still owes money on the Loan. *Id*. at 5, ¶ 12; *see also id*. ¶ 11.

Equifax and Experian answered the Complaint. ECF 17 (Experian); ECF 19 (Equifax); ECF 23 (Experian Amended Answer). But, APG filed a pre-discovery motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Rule 56. ECF 20.

3

In my Memorandum Opinion (ECF 28) and Order (ECF 29) of April 5, 2022, I construed the motion as a motion to dismiss and denied it.  The central dispute concerns the parties' contrary views regarding the effect of the Stipulation and the 2018 Order.  ECF 28 at 23-35.  APG claims that, with the Stipulation, it suspended but never waived its right to reopen the circuit court litigation.  And, because plaintiff defaulted on the Stipulation, APG asserts that it has the right to pursue any additional, disputed debt, notwithstanding the 2018 Order or plaintiff's satisfaction of the judgment.  *See* ECF 20-1 at 1-3, 5-9; ECF 27 at 1-2, 4-6.  Conversely, in plaintiff's view, when APG agreed to the Stipulation and obtained the 2018 Order, it relinquished the right to pursue the recovery of any additional amount, beyond what was specified in the 2018 Order.  ECF 1 at 4-5, ¶¶ 3, 10; ECF 22 at 1-4, 6-10.  Consistent with these positions, APG maintains that the 2018 Order was interlocutory, and not a final judgment, but plaintiff argues that it was a final judgment.  ECF 20-1 at 3, 5-9; ECF 22 at 6-10.  I concluded that this disagreement between plaintiff and APG as to the construction of the Stipulation was not suitable for resolution at the motion to dismiss stage.  ECF 28 at 31-35.  In addition, I rejected APG's arguments for the dismissal of Count III (the FCRA); Count IV (defamation); and Count V (intrusion upon seclusion).  *Id*. at 35-44.

Thereafter, APG filed its "Answer And Defenses To Complaint."  ECF 30.  And, the parties began discovery, which is currently scheduled to conclude on October 10, 2022.  *See* ECF 36 (Scheduling Order).  Furthermore, plaintiff reached a settlement with defendant Equifax.  It was dismissed from the case, with prejudice.  *See* ECF 32; ECF 33; ECF 39; ECF 40.

As noted, in its Answer, APG asserts five "defenses" and reserves the right to assert additional defenses based on information gathered in the course of the investigation of the case.  ECF 30 at 10.  As discussed, the Motion targets the second through fifth defenses, which are set forth below, in full, *id*. (italics in ECF 30):

      2.      As its second defense, the Credit Union states that plaintiff's rights and remedies are limited by the explicit terms of contracts, documents which are the best evidence of its terms, conditions, exclusions, limitations, and all other matters pertaining thereto. Accordingly, the Credit Union pleads the contracts as a defense to plaintiff's claim as if copied *in extensor* herein.

      3.      As its third defense, the Credit Union states that plaintiff's claims are barred by *res judicata* and collateral estoppel.

      4.      As its fourth defense, the Credit Union states that plaintiff's claims are barred by consent and privilege.

      5.      As its fifth defense, the Credit Union states that plaintiff's claims are barred by unclean hands.

In this Memorandum, I refer to these defenses as the "Second Defense," the "Third Defense," the "Fourth Defense," and the "Fifth Defense," respectively.

## II. Standard of Review

Under Fed. R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nevertheless, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted); *see also, e.g.*, *McCoy v. Transdev Servs., Inc.*, DKC-19-2137, 2022 WL 951996, at *24 (D. Md. Mar. 30, 2022); *Gilman & Bedigian, LLC v. Sackett,* 337 F.R.D. 113, 117 (D. Md. 2020).

"When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.,* PJM-10-1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (citation omitted); *see Brooks v. United Parcel Service, Inc.*, DKC-20-2617, 2021 WL 4339194, at *16 (D. Md. Sept. 23, 2021); *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 611 (D. Md. 2018). And, the facts set forth in the pleading must be taken as true. *See Kelly v. Kosuga,* 358 U.S. 516, 516 (1959) ("A motion was made to strike this defense

and therefore the facts underlying it must be taken to be those set up in the petitioner's answer."); *see also, e.g.,* 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. Apr. 2022) ("Wright and Miller").

Moreover, courts are generally not inclined to employ the "drastic remedy" of striking defenses, *Waste Mgmt. Holdings*, 252 F.3d at 347, unless the movant can "demonstrate that [it] will be prejudiced if the defense is not stricken." *Miller v. Live Nation Worldwide, Inc.*, TDC-14-2697, 2015 WL 235553, at *3 (D. Md. Jan. 15, 2015); *see also Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 337 (D. Md. 2012); *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Associates, Ltd.*, CCB-11-01809, 2012 WL 2945489, at *5 (D. Md. July 17, 2012) ("[T]he court is disinclined to use its discretion to strike or limit defendants' affirmative defenses in the absence of clear and undue prejudice."). A movant can demonstrate prejudice by showing that, for example, inclusion of the defense will affect the scope of discovery. *See, e.g.*, *Villa v. Ally Fin., Inc.*, 1:13CV953, 2014 WL 800450, at *1 (M.D.N.C. Feb. 28, 2014) ("[T]he moving party must show prejudice: for instance, where an irrelevant affirmative defense results in increased time and expense of trial, including the possibility of extensive and burdensome discovery.") (citations and alterations in original omitted) (alteration added by this Court); *E.E.O.C. v. Spoa, LLC*, CCB-13-01615, 2014 WL 47337, at *3 (D. Md. Jan. 3, 2014) ("[T]he EEOC cannot claim prejudice when it has been given early notice of the affirmative defenses and when the defenses will not in any significant way affect the scope of discovery.").

To my knowledge, neither the Supreme Court nor the Fourth Circuit has determined whether the pleading standard of *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), applies to affirmative defenses. *Cf. Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) ("[T]here is much disagreement among courts . . .

regarding the standards under which . . . motions [to strike] are to be resolved."). However, a number of judges in this District have determined that *Twombly* and *Iqbal* are applicable to the pleading of affirmative defenses. *See, e.g., McCoy*, 2022 WL 951996, at *24 (noting that "District courts in this district have mostly, if not unanimously, applied the heightened *Twombly-Iqbal* pleading standard to affirmative defenses"); *Holden v. Bwell Healthcare Inc.*, SAG-19-760, 2020 WL 1285505, at *5 (D. Md. Mar. 18, 2020); *Alston v. Equifax Information Services, LLC,* GLR-13-00934, 2014 WL 580148, at *2 (D. Md. Feb. 11, 2014); *Blind Indus. and Servs. of Md. v. Route 40 Paintball Park,* WMN-11-03562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012); *Aguilar v. City Lights of China Restaurant, Inc.,* DKC-11-02416, 2011 WL 5118325, at *1-4 (D. Md. Oct. 24, 2011); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536-37 (D. Md. 2010); *Topline Solutions, Inc. v. Sandler Sys.*, Inc., L-09-03102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010).

On the other hand, other judges in this District have concluded that *Twombly* and *Iqbal* are not clearly applicable to the assertion of defenses, because of differences in the posture of the case as well as the language of Fed. R. Civ. P. 8(a), which applies to claims for relief, and Rule 8(b) and (c), which apply to defenses and affirmative defenses, respectively. *See, e.g.*, *LBCMT 2007–C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387 (D. Md. 2014) (declining to apply *Twombly* and *Iqbal* standard, observing that Rule 8(a) is a "more demanding" standard because a claimant has had time "to craft" his claims, whereas a defendant faces a substantial burden in having to answer promptly at the outset of the litigation); *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 593 (D. Md. 2013); *Gardner v. Montgomery Cnty. Teachers Fed. Credit Union*, JFM-10-02781 (D. Md. Jan. 7, 2011).

To be sure, there are differences in the language of Rule 8(a), Rule 8(b), and Rule 8(c), arguably suggesting that the plausibility standard is inapplicable to affirmative defenses. For example, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1)(A) merely requires a party to "state in short and plain terms its defenses to each claim." Nor does Rule 8(c) mention a factual showing. Nevertheless, what the court said in *Palmer v. Oakland Farms, Inc.*, 5:10CV00029, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010), resonates here:

> On its face, the argument accepted by the majority of courts extending the "plausibility" pleading standard of *Twombly* and *Iqbal* to defensive pleadings is compelling. As the plaintiff argues, it neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.

Indeed, "it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard." *Topline Solutions, Inc.*, 2010 WL 2998836, at *1. Moreover, "[b]oilerplate defenses clutter the docket and, further, create unnecessary work. . . . Rule 15 allows for appropriate amendments and counsel should therefore feel no need . . . to window-dress pleadings early for fear of losing defenses later." *Safeco Ins. Co. of Am. v. O'Hara Corp.,* 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008).

"A requirement that an affirmative defense be pleaded in accordance with the *Twombly-Iqbol* [sic] standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts." *Palmer*, 2010 WL 2605179, at *5. The heightened pleading standard does not require the assertion of all supporting evidentiary facts. *See id*. at *5. "At a minimum, however, some statement of the ultimate facts underlying the defense must be set

forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to [the defendant]." *Id.*

In general, the *Twombly* standard demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. If a pleading provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Id*. "Mere recitals of a cause of action, supported only by conclusory statements, are insufficient to survive" a Rule 12(b)(6) motion. *Morrow v. Navy Federal Credit Union*, ___ Fed. App'x ___, 2022 WL 2526676, at *2 (4th Cir. July 7, 2022). Instead, to survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To be sure, a party need not include "detailed factual allegations." *Id*. at 555. But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

Furthermore, even if a motion to strike an affirmative defense has been granted, the defendant is usually granted leave to amend. *Banks v. Realty Mgmt. Serv.*, No. 1:10cv14, 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010) (citing 5C Wright & Miller § 1381).

### III. Discussion

As to the second through fifth defenses, plaintiff argues that they are little more than conclusory, boilerplate defenses that fail to satisfy the *Twombly-Iqbal* standard. ECF 34-1 at 3-4. In response, APG does not make any argument that the defenses are not conclusory, or that they satisfy *Twombly-Iqbal*. Instead, APG contends that plaintiff has failed to demonstrate any prejudice if the defenses are not stricken, and that the defenses are not actually "affirmative" defenses. ECF 38 at 4-6.

Given the perfunctory nature of the defenses, and APG's failure to offer any arguments to the contrary, I agree with the plaintiff that the defenses are conclusory and fall short of what is required by *Twombly-Iqbal*. None of the defenses set forth any "statement of the ultimate facts underlying the defense" in order to "plausibly suggest a cognizable defense." *Palmer*, 2010 WL 2605179, at *5. And, they fail to provide plaintiff with fair notice of the defenses in question.

The Second Defense "states that plaintiff's rights and remedies are limited by the explicit terms of contracts," and "pleads the contracts as a defense . . . ." ECF 30 at 10. It offers no detail or assertions as to any particular "contracts" or other documents, what their terms might be, or what rights and remedies might be limited, and in what way.

The Third Defense asserts res judicata and collateral estoppel, without any additional detail. *Id*. Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see, e.g.*, *SAS Inst., Inc. v. World Programming Ltd*., 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). And, collateral estoppel, or issue preclusion, "'forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate.'" *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2003) (quoting *Sedlack v. Braswell Servs. Group, Inc*., 134 F.3d 219, 224 (4th Cir. 1998)) (alteration in *Microsoft*).

The Third Defense does not offer any hint as to what prior litigation might be relevant, or in what ways this prior litigation might impact plaintiff's current claims. Indeed, as plaintiff notes (ECF 34-1 at 3), the only prior litigation that has been identified in this case is the State debt

collection case described above. But, the crux of APG's position at the motion to dismiss stage was that the 2018 Order in the State case was *not* a final judgment with preclusive effect. *See* ECF 20-1 at 3, 5-9.

The Fourth Defense fares no better. It is simply a generic reference to "consent and privilege," without providing any detail as to the nature of any consent or privilege, or the impact of these doctrines in this context. ECF 30 at 10.

Finally, the Fifth Defense is for "unclean hands." *Id*. "'The [un]clean hands doctrine states that courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal, or inequitable conduct in the matter with relation to which he seeks assistance.'" *Dickerson v. Longoria*, 414 Md. 419, 455, 995 A.2d 721, 743 (2010) (quoting *Wells Fargo v. Neal*, 398 Md. 705, 729-30, 922 A.2d 538, 552 (2007)) (alteration in *Dickerson*). Again, this defense asserts no facts or details as to any conduct by plaintiff that gives rise to the defense.

As noted, APG makes no argument as to the sufficiency of its defenses. Instead, it argues, first, that the Motion does not demonstrate any prejudice, given the time remaining for discovery. ECF 38 at 3-5. Plaintiff responds that the lack of any sort of factual detail or fair notice in the defenses will increase the cost and burden of discovery. ECF 44 at 2-4. As discussed above, a movant can demonstrate prejudice by showing that inclusion of the defense will affect the scope of discovery, by making it more burdensome and expensive. *See, e.g.*, *Villa*, 2014 WL 800450, at *1; *Spoa, LLC*, 2014 WL 47337, at *3. In my view, plaintiff has adequately asserted this type of prejudice.

Second, APG appears to argue that the defenses in question are not actually "affirmative" defenses, but rather "negating defenses," which should be reclassified as denials as opposed to

being stricken.  ECF 38 at 5-6.  A negating defense, also termed a negative defense, is one that denies or "directly contradict[s] elements of the plaintiff's claim for relief."  5 Wright & Miller § 1270.  Conversely, "[a]n affirmative defense is the 'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'"  *Emergency One, Inc. v. Am. Fire Eagle Engine Co.,* 332 F.3d 264, 271 (4th Cir. 2003) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 50 (2d Cir. 2003).

"Generally speaking, affirmative defenses 'share[ ] the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.'"  *Emergency One, Inc.*, 332 F.3d at 271 (quoting *Wolf v. Reliance Standard Life Ins. Co*., 71 F.3d 444, 449 (1st Cir. 1995)) (alteration in *Emergency One*).  Curiously, although APG's Opposition contains a brief general summary of the law regarding affirmative defenses and negative defenses, it contains absolutely no argument whatsoever as to why any of the defenses in question should be classified as negative defenses.

In any case, estoppel and res judicata (the Third Defense) are explicitly included in the non-exhaustive list of "affirmative defenses" contained in Fed. R. Civ. P. 8(c)(1).  Likewise, unclean hands (the Fifth Defense) is plainly an affirmative defense.  *See, e.g.*, *McCoy*, 2022 WL 951996, at *26 (referring to the "affirmative defense of unclean hands"); *Alston v. AT&T Services, Inc.*, GJH-18-2529, 2019 WL 6684131, at *2 (D. Md. Dec. 5, 2019) (same).  The classification of the Second Defense (contracts) and the Fourth Defense (consent and privilege) is less clear, given the lack of any factual assertions or argument on the part of APG.  Nevertheless, as presented, these defenses appear to be affirmative defenses, based on unspecified facts that APG contends defeat plaintiff's claims, even if the allegations in the Complaint are true.

In sum, I am unpersuaded by APG's underdeveloped arguments. I will grant the Motion, and strike the second through fifth defenses, without prejudice. And, I will grant APG leave to amend its Answer to remedy the issues discussed in this Memorandum, due within fourteen days of the docketing of this Memorandum and accompanying Order.[3]

### IV. Conclusion

For the reasons stated above, I shall grant the Motion, without prejudice, and with leave to amend the Answer.

An Order follows, consistent with this Memorandum.

Date:  July 12, 2022

                                                        /s/
                                          Ellen L. Hollander
                                          United States District Judge

---

[3] The Court is confident that only a modest level of additional detail will suffice to address plaintiff's concerns, and obviate any need to consume the Court's time with further motion practice regarding this issue.